UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY F. PALMER,

        Petitioner,                      Case No. 07-14203
                                                            Honorable Lawrence P. Zatkoff

v.

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT THEREBY DISMISSING
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, AND
(2) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING**

**I. Introduction**

Petitioner, Shirley F. Palmer, a state prisoner currently confined at the Robert Scott Correctional Facility in Plymouth, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that she is being held in violation of her constitutional rights. Petitioner filed the pending petition on October 3, 2007, along with a motion for equitable tolling. Respondent has not yet filed an answer to the petition. Rather, this matter is before the Court on Respondent's motion for summary judgment, seeking dismissal of the petition as untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

**II. Procedural History**

Petitioner was charged with one count of felony murder, one count of arson of real property, and three counts of attempt to commit murder. Those counts arose out of an incident that took place

on August 8, 1987, in the City of Ecorse, Michigan. Petitioner allegedly started a fire at her mother's and step-father's home, resulting in the death of her step-father, Charles Geeston. Also in the home at the time of the fire were Lula Geeston, Petitioner's mother, Calvin Geeston, Petitioner's step-brother, and Julian Palmer, Petitioner's son. Petitioner's defense was insanity.

On September 9, 1988, a jury found Petitioner guilty as charged on all counts. She was sentenced to life imprisonment for the felony-murder conviction, twelve and one half to twenty years for the arson-of-real-property conviction, and forty years each on the remaining three counts of attempt-to-commit-murder convictions, each to run concurrently. The trial court also ordered that Petitioner receive psychiatric treatment.

Subsequently, Petitioner appealed as of right to the Michigan Court of Appeals, which affirmed her convictions. *People v. Palmer*, No. 112789 (Mich.Ct.App. Nov. 15, 1989). Petitioner did not file an application for leave to appeal that decision with the Michigan Supreme Court.

In her present motion, filed along with her habeas petition, Petitioner concedes that she has missed the statutory one-year limitations period in which to file the petition. However, Petitioner contends that her mental illness is the reason why she could not prepare a timely petition. Petitioner argues the following on her behalf.

Petitioner states that her mental illness prevented her from properly exercising her appellate rights, and, that it was not until she received psychiatric treatment from a prison mental health practitioner that she was able to proceed. Petitioner claims that, as a result of her treatment, she was then able to request the assistance of a prison paralegal, who, on or about October 18, 2001, assisted her in filing her state post-conviction motion–a motion for relief from judgment pursuant to M.C.R. 6.508(D). Petitioner contends that the 2001 motion was not addressed properly before the state court

because the state court claimed that the motion inadvertently got lost. According to Petitioner, the trial court then notified her and requested that she re-submit her motion, which she did on March 7, 2003.

Subsequently, on September 15, 2004, the trial court issued an opinion denying Petitioner's motion for relief from judgment. *People v. Palmer*, No. 87-008017-01 (Wayne County Circuit Court, Sept. 15, 2004). Petitioner then filed an application for leave to appeal that decision in the Michigan Court of Appeals, which was denied. *People v. Palmer*, No. 264949 (Mich.Ct.App. Sept. 15, 2004). Following, Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Palmer*, 477 Mich. 908, 722 N.W.2d 840 (2006).

Petitioner signed and dated the present petition on October 1, 2007, and it was filed with this Court on October 3, 2007. Petitioner concedes that the filing of her petition is outside the limitations period. Nevertheless, she asks this Court to accept her petition by invoking the doctrine of equitable tolling on the basis of her mental illness.

### III. Discussion

#### A. Standard of Review–Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed her petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year

period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In these cases, where a petitioner appeals to the Michigan Supreme Court, her judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days afer entry of judgment." *See* Rule 13(1),

Supreme Court Rules. The one-year habeas statute of limitations commences running at that time. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of M.C.R. 6.500 *et. seq.* A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application. However, tolling is effective only when collateral review is properly sought within the limitations period. This means a petitioner must file the proper documents pleading available grounds for relief within the proper time. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Where the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *See also Neal v. Bock*, 137 F.Supp.2d 879, 884 (E.D. Mich. 2001). This is because there is no remaining period to be tolled. *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Recently, the United States Supreme Court has held that, after completion of state-court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079 (2007).

Here, Petitioner's judgment of sentence was entered on September 9, 1988. She then pursued

a direct appeal with the Michigan Court of Appeals, which confirmed her convictions and sentences. *People v. Palmer*, No. 112789 (Mich.Ct.App. Nov. 15, 1989); *See also* M.C.R. 7.205(F)(3). Petitioner did not appeal that decision in the Michigan Supreme Court. In this case, Petitioner's convictions and sentences occurred prior to the enactment of the AEDPA.

Where a newly enacted statute of limitations shortens the time for filing suit, a party against whom the limitations period has already run must be given a reasonable time to file suit. *Ochoa v. Hernandez*, 230 U.S. 139 (1912). The Sixth Circuit has held that it is reasonable to allow such a litigant the benefit of a one-year grace period. *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999). Petitioner's habeas claims became subject to the AEDPA on April 24, 1996, when the act was signed into law. Accordingly, Petitioner had one year from April 24, 1996–or until April 24, 1997–to file her habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file her state-court motion for relief from judgment until April 16, 2003. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir.2003); *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir.2002); *See also Smith v. Stegall*, 141 F.Supp.2d at 782-83. Here, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations; Petitioner's state court post-conviction motion was filed approximately six years after the statute of limitations had expired. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy*, 246 F.3d at 519.

Petitioner has not established that the State created an impediment to the filing of her habeas petition or that her claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect. Petitioner's habeas action is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d) and is therefore not subject to federal habeas review.

### B. Equitable Tolling

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. Petitioner asserts that the one-year limitations period should be equitably tolled due to her mental illness.

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir.2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). The five parts of this test are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000)).

Petitioner has not set forth sufficient circumstances to justify the filing of her state-court

collateral proceedings and her federal habeas action well after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D.Mich.2001) (lack of professional legal assistance does not justify tolling). Illiteracy does not justify tolling of the one-year period. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D.Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Additionally, possible mental retardation or mental illness is not a per se reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F.Supp.2d 761, 767-68 (E.D.Mich.2002). Mental illness is a basis for equitable tolling of a limitations period only in extreme circumstances. *See Simpson v. Wolfenbarger*, No. 05-CV-71298-DT, 2006 WL 416189 (E.D.Mich. Feb.21, 2006). Further, the alleged mental condition must have affected the petitioner's ability to timely file a habeas petition. *Brown v. McKee*, 232 F.Supp.2d at 767-68 (Citations omitted). The petitioner bears the burden of showing that mental health problems rendered him or her unable to file a habeas petition within the one-year period. *Id.*

Although the Respondent acknowledges that Petitioner has some mental disabilities, Petitioner herself has not established that her mental condition impeded her ability to timely seek review of her convictions. Petitioner was competent to stand trial and was advised of her appellate rights following sentencing. With assistance from a prison paralegal, Petitioner was able to file for post-conviction relief with the state courts. The fact that Petitioner was able to take such action, and

has been able to proceed before this Court while under the same mental condition, indicates that her mental disabilities did not preclude her from managing her legal affairs and acting upon them during the relevant time period. *See Brown v. McKee*, 232 F.Supp.2d at 768.

Against that backdrop, the Court therefore finds that Petitioner has failed to establish that her mental condition prevented her from seeking assistance and pursuing her state remedies and federal habeas review in a timely manner. Petitioner has also not shown diligence in seeking habeas relief given that she failed to appeal her convictions and filed her state-court motion for relief from judgment six years after she was sentenced. Given such circumstances, Petitioner is not entitled to equitable tolling under *Dunlap*, *supra*.

### C. Actual Innocence

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir.2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. Petitioner has thus failed to demonstrate that she is entitled to equitable tolling of the one-year period, and her motion for equitable tolling is denied**.**

## IV. Conclusion

For the above-stated reasons, the Court concludes that Petitioner failed to file her habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 22, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290